UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>MICHAEL HAMMOND,<br><br>                       Defendant. | 17-CR-00439<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Parties**                                        **Appearances**

For United States                                  Temidayo Aganga-Williams
                                                   United States Attorney's Office
                                                   Eastern District of New York
                                                   271 Cadman Plaza East
                                                   Brooklyn, NY 11201
                                                   718-254-6183


For Defendant                                      Michael P. Padden (Appointed)
                                                   Federal Defenders of New York, Inc.
                                                   One Pierrepont Plaza, 16th Floor
                                                   Brooklyn, NY 11201
                                                   718-330-1240

**Table of Contents**

I. Introduction ........................................................................................................................ 2
II. Instant Offense .................................................................................................................... 2
III. Guilty Plea ........................................................................................................................ 3
IV. Sentencing Hearing ........................................................................................................... 3
V. Guidelines Range and Statutory Minimum ....................................................................... 3
VI. Law .................................................................................................................................... 4
VII. Mens Rea ........................................................................................................................... 4
VIII. 18 U.S.C. § 3553(a) Considerations ................................................................................. 5
IX. Sentence ............................................................................................................................. 6
X. Conclusion ......................................................................................................................... 7

### I. Introduction

Michael Hammond ("Hammond" or "defendant") pled guilty to two crimes: Count 1 charges that on July 17, 2017, the defendant, together with another, obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, by robbery, from one or more employees of a small grocery store in Queens, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act Robbery"); Count 2 charges that the defendant, together with another, used and carried a firearm in relation to a crime of violence—the crime charged in Count 1—and possessed the firearm, which was brandished and discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 924(c)(1)(A)(iii). Presentence Investigation Report ("PSR") ¶ 1-3. Defendant's gun accidentally went off during the robbery of a corner store, wounding a victim in the hand.

Hammond is a 28 year old who grew up under difficult circumstances. He has a criminal record and a history of serious mental health problems.

### II. Instant Offense

In July 2017, defendant, while homeless and off his psychiatric medicine, and a co-conspirator robbed a bodega in Queens. PSR ¶ 6; Sentencing Memorandum of Michael Hammond at 1, Oct. 30, 2018. Defendant pointed a firearm at a customer and demanded money.

PSR ¶ 6. He went behind the counter where two employees were standing and took some $1,000 from the registers. *Id.*

Hammond then forced store employees to take him to the basement to destroy surveillance recordings and obtain more cash. *Id.* ¶ 7. He held the gun to the head of one of the victims going down the stairs. *Id.* The owner of the store was in the basement office; the defendant kicked the office door and forced employees to open it with a screwdriver. *Id.* ¶ 8. A struggle ensued. *Id.* ¶ 9. The firearm was discharged accidentally. *Id.* The store owner suffered third degree burns and was wounded in his hand. *Id.* ¶ 11. Defendant was subdued and beaten by employees. *Id.* ¶ 9. When police arrived at the scene, defendant was unconscious. *Id.* ¶ 10. The co-conspirator had fled. *Id.* ¶ 9. In total, $3,527 was stolen. *Id.* ¶ 13.

### III. Guilty Plea

In June 2018, defendant pled guilty to Hobbs Act Robbery, 18 U.S.C. § 1951(a), and discharging a firearm in relation to a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii). *Id.* ¶ 1.

### IV. Sentencing Hearing

A sentencing hearing was conducted on November 6, 2018. *See* Sent. Hr'g Tr., Nov. 6, 2018. The proceedings were recorded on video to develop an accurate record of body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of a video recording).

### V. Guidelines Range and Statutory Minimum

The base offense level for a Hobbs Act Robbery is 20. *See* U.S.S.G. § 2B3.1(a); PSR ¶ 17. Two levels were added because a victim sustained bodily injury. *See* U.S.S.G. § 2B3.1(b)(3)(A); PSR ¶ 18. The offense level was decreased by three levels for acceptance of responsibility and the timely notification of a guilty plea. PSR ¶ 24-25. The total adjusted

offense level is 19.  *Id.* ¶ 26.  Defendant's criminal history category is IV.  *Id.* ¶ 36.  The imprisonment range under the Guidelines is 46 to 57 months.  *Id.* ¶ 68.  The combined total applicable Guidelines range for both crimes is 166 to 177 months.  *Id.* ¶ 67-68.

A 10-year imprisonment term is mandatory for discharging a firearm during the robbery, to run consecutively to the term imposed for the robbery.  *See* U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A)(iii).

## VI. Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory rather than mandatory.  543 U.S. 220, 245-46 (2005).  "A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested."  *Gall v. United States*, 552 U.S. 38, 49-50 (2007).  The court shall "make an individualized assessment based on the facts presented" and "state in open court the reasons for its imposition of the particular sentence."  *Id.* at 50; *see also* 18 U.S.C. § 3553(c).

## VII. Mens Rea

Though the gun is found to have gone off accidentally, given the nature of the struggle involved, the defendant should have realized that there was a strong probability that it would be discharged, deliberately or "accidentally."  Serious mens rea was present.  In any event, the Supreme Court in *Dean v. United States*, 556 U.S. 568, 577 (2009) held that the ten year minimum applies if the gun was discharged on purpose or by accident.  556 U.S. 568, 577 (2009); *but see U.S. v. Ekwunoh*, 813 F.Supp. 168, 172 (E.D.N.Y. 1993) (holding that a finding of mens rea "is essential before [a] quantity [of drugs] can be used to compute a minimum

4

statutory or Guidelines term of imprisonment" despite mens rea not being an element of the underlying charge), *vacated*, 12 F.3d 368 (2d Cir. 1993); *U.S. v. Cordoba-Hincapie*, 825 F.Supp. 485, 513 (E.D.N.Y. 1993) ("Congress must be deemed to legislate with historical and philosophical limits of mens rea in mind absent a specifically expressed design not to do so."); Elizabeth H. Kelly, *Applying the Presumption of Mens Rea to a Sentencing Factor: Does 18 U.S.C. § 924(c)(1)(A)(iii) Penalize the Accidental Discharge of a Firearm?*, 41 Suffolk U. L. Rev. 615, 639-640 (2008) ("[T]he presumption of mens rea should apply to sentencing factors [including 18 U.S.C. § 924(c)(1)(A)(iii)] because such presumption is a canon of interpretation with roots grounded in the common law.").

**VIII.**     **18 U.S.C. § 3553(a) Considerations**

Hammond, 28, was born in Queens to a single mother. PSR ¶ 43. He never met his biological father. *Id.* His mother gave up custody when he was one or two years old because she did not have adequate housing. *Id.* ¶ 46. She was in and out of defendant's life. *Id.*

Defendant suffered through a difficult adolescence. He was raised by a family friend, who became his adoptive mother. *Id.* They lived in public housing under meager economic circumstances. *Id.* She was supported by public assistance benefits and died from complications from HIV when Hammond was fourteen. *Id.* ¶ 46-47. He was sexually abused by various babysitters beginning when he was seven or eight years old. *Id.* ¶ 46.

Hammond has a history of severe mental health problems. *Id.* ¶¶ 54-57; Sent. Hr'g Tr. 13:24-14:17, Nov. 6, 2018. He was diagnosed with schizophrenia and depression at the age of 21. PSR ¶ 54. He has had five or six involuntary psychiatric hospitalizations and was living in a residential mental health facility until May 2017. *Id.* ¶¶ 54, 56. Hammond has a history of suicidal ideation and multiple suicide attempts. *Id.* ¶ 55. He is prescribed multiple psychiatric medications and is under continuing care for his mental health. *Id.* ¶ 57. He also has substance

5

abuse problems. *Id.* ¶ 58-59. He has been diagnosed with severe cannabis use disorder and mild alcohol use disorder. *Id.*

Defendant has had at least six run-ins with the law, the first of which came in the form of a robbery of a store when he was thirteen. *Id.* ¶ 28-34. At nineteen, he was sentenced to five years imprisonment for first degree robbery, using what appeared to be a gun. *Id.* ¶ 34.

At the time of his arrest for the instant crimes, Hammond was homeless and living on the street. *Id.* ¶ 49.

## IX. Sentence

Hammond is sentenced to one day of imprisonment for the Hobbs Act Robbery, to run consecutive to the mandatory minimum of 10 years for discharging a firearm during a crime of violence. Ten years is enough; defendant will almost certainly have problems in prison requiring solitary confinement to protect himself and others, making incarceration hard time. Three years of supervised release is imposed.

A $200 special assessment and restitution of $3,527 are also imposed. Defendant will be required to deposit with the Clerk of the court ten percent of his net earnings every month after he is released from prison until the restitution amount is paid in full. No fine is imposed because of defendant's lack of assets to pay one.

The serious nature of defendant's criminal conduct requires a long term of imprisonment. The court gave consideration to defendant's difficult background and struggles with mental health in determining that a lengthier sentence than that imposed is unnecessary and excessive. General and specific deterrence are achieved by the substantial sentence imposed.

The court recommends that defendant begins his sentence in a federal medical facility. In addition to punishment for his crimes, it is evident that Hammond is in need of medical supervision, counseling, and mental health treatment. It is recommended that he be placed in a

medically staffed facility for the duration of his incarceration.  If not treated psychiatrically, he will be in constant trouble, requiring repeated solitary confinement.

While on supervised release, defendant will be subject to the mandatory conditions of U.S.S.G. § 5D1.3(a) and standard conditions of U.S.S.G. § 5D1.3(c), and, as appropriate, the special and additional conditions of U.S.S.G. § 5D1.3(d) and U.S.S.G. § 5D1.3(e).  Hammond will be required to participate in a mental health program.  *See* U.S.S.G. § 5D1.3(d)(5).  He must, under direction of probation, continue to take psychiatric medication prescribed.  Sent. Hr'g Tr. 14:18-22, Nov. 6, 2018.  He is also required to study and to try to earn a G.E.D if he has not obtained one in prison.  *Id.* at 16:3-4.

## X.  Conclusion

Respectful consideration was given to the Guidelines to ensure that the sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing.  18 U.S.C. § 3553(a).

                                                        SO ORDERED.

                                    /s/ Jack B. Weinstein
                                    Jack B. Weinstein
                                    Senior United States District Judge

Date:   November 30, 2018
         Brooklyn, New York